IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE MIGUEL RODRIGUEZ-RODRIGUEZ,

Petitioner

vs.

UNITED STATES OF AMERICA,

Respondent

CIVIL NO. 13-1235 (JA)
(CRIM. NO. 94-274 (DRD))

OPINION AND ORDER
DENYING A SECOND OR SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255

I.

A. PROCEDURAL BACKGROUND: TRIAL LEVEL

As the result of party-goers going bad, petitioner Jose Miguel Rodriguez-Rodriguez was charged on December 7, 1994, in a two-count superceding indictment with crimes related to a murderous carjacking. (Criminal No. 94-274 (DRD), Docket No. 70). Six other defendants were also charged. Specifically all defendants were charged in Count One of the indictment with carjacking, in violation of 18 U.S.C. § 2119(3). Count Two charged petitioner and the other defendants with the use and carrying of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). The superceding indictment charged aiding and abetting in addition to direct participation. See 18 U.S.C. § 2(b). The tangled motives for the victim's murder by a group of

revelers included jealousy, envy and greed. See United States v. Rivera-Figueroa, 149 F.3d 1, 3 (1st Cir. 1998).

Three defendants, including petitioner, proceeded to trial on October 19, 1995. (Criminal No. 94-274 (DRD), Docket No. 197). Among the witnesses were three other defendants that testified against the ones that proceeded to trial. Trial concluded on October 31, 1995 with all three defendants convicted on both counts. (Criminal No. 94-274 (DRD), Docket No. 212). On February 7, 1996, petitioner was sentenced to a term of life imprisonment as to Count One and five years in Count Two, to be served consecutively. (Criminal No. 94-274 (DRD), Docket No. 247).

B. PROCEDURAL BACKGROUND: APPELLATE LEVEL

Petitioner filed a notice of appeal from the judgment of conviction on February 12, 1996. (Criminal No. 94-274 (DRD), Docket No. 250). Among the issues raised, which included the constitutionality of the carjacking statute, petitioner and the others argued prosecutorial misconduct, exclusion of a dying declaration, and failure of the sentencing judge to depart downward in sentencing. United States v. Rivera-Figueroa, 149 F.3d at 7. The conviction was affirmed on May 5, 1998 as to both counts. A petitioner for a writ of certiorari was filed and was denied on October 5, 1998. Rodriguez-Rodriguez v. United States, 525 U.S. 910, 119 S.Ct. 251 (1998).

C. FIRST MOTION UNDER 28 U.S.C. § 2255

Petitioner filed his first motion under 28 U.S.C. §2255 on October 5, 1999 attacking the validity of the sentence. (Civil No. 99-2115 (HL), Docket No. 1). Among the grounds raised by petitioner was the denial of his Sixth Amendment right to effective assistance of counsel. Petitioner noted counsel's failure to object to the exclusion of an arguably exculpatory dying declaration, as well as to the late filing of a motion for severance. Failure to object to the presentence report's sentencing recommendation and failure to seek a downward departure were also raised. By opinion and order dated December 11, 2000, the court denied the motion and dismissed the action with prejudice. (Civil No. 99-2115 (HL), Docket No. 7). Nevertheless, the court concluded that trial counsel was ineffective. Proceeding to the prejudice prong of the two step process announced in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct 2052, 2064 (1984), and after analyzing petitioner's arguments, the court concluded that, notwithstanding ineffective performance of counsel, the result of the proceedings would not have been any different. Rodriguez-Rodriguez v. United States, 130 F. Supp.2d 313, 318-320 (D.P.R. 2000).

Petitioner then sought a certificate of appealability but the court found that petitioner had not met the standard for issuing the certificate, which would require that petitioner make a "substantial showing of the denial of a

constitutional right. " 28 U.S.C. § 2255(c)(2). (Civil No. 99-2115 (HL), Docket No. 13). Appellate review was terminated on May 28, 2002. (Civil No. 99-2115 (HL), Docket No. 15)). A petitioner for a writ of certiorari was filed and was denied on February 24, 2003. Rodriguez-Rodriguez v. United States, 537 U.S. 1195, 123 S.Ct. 1250 (2003).

D. SECOND OR SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255

This matter is before the court on attested motion to vacate, set aside or correct sentence filed by petitioner on March 22, 2013. (Docket No. 1). Petitioner argues that early in the proceedings, the prosecution first offered a plea agreement of 35 years imprisonment and then lowered it to 30 years but he proceeded to trial upon advice of defense counsel expecting to get a better offer right before the start of voir dire, and in the belief that the evidence was not that strong against petitioner. Then counsel told petitioner that a better deal might be gotten after jury selection. Upon the advice of counsel, petitioner proceeded to trial hoping for a better offer. Things did not work out as well as planned as the evidence was overwhelming, evidence which included the testimony of three cooperating co-defendants. Conviction followed.

Petitioner argues that his attorney's conduct fell below the standard of effective assistance related to plea bargaining under two recent Supreme Court decisions, Lafler v. Cooper, ___ U.S.___, 132 S.Ct. 1376, 182 L. Ed. 398

(2012) and Missouri v. Frye, ___ U.S. ___, 132 S. Ct. 1399, 182 L. Ed. 379 (2012). In Missouri v. Frye, 132 S.Ct. at 1408, the Supreme Court held that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. If such a formal offer was not communicated to a defendant, and the offer thus lapsed, then "...defense counsel did not render the effective assistance that the Constitution requires." Id.; see Lafler v. Cooper, 132 S.Ct. at 1390-91. "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Missouri v. Frye, 132 S.Ct. at 1409. The defendants must also demonstrate " . . a reasonable probability that the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it . . ." Id.

Petitioner notes that had counsel followed petitioner's intentions before trial to accept the thirty years offered, this would certainly have avoided the life sentence that he ultimately received. Petitioner imparts transcendental meaning to the holdings of Lafler and Frye, and further stresses that either a statutory or constitutional right that has been newly recognized can trigger a

renewed limitations period under 28 U.S.C. § 2255(f)(3), which I discuss below.

Parties were deemed to have consented to disposition before a United States magistrate judge and the court ordered the reference under the authority of 28 U.S.C. § 636(c)(1) on May 17, 2013. (Docket No. 4).

The United States filed a response in opposition to the motion to vacate on June 12, 2013. (Docket No. 8). The argument is terse. It states that since this is a second or successive § 2255 motion, petitioner was required to obtain a certificate of appealability from the court of appeals before proceeding in the district court. See 28 U.S.C. § 2244(b)(3)(A). Because that has not happened, this court cannot exercise jurisdiction to entertain the motion to vacate. The United States goes further and notes that even if permission to proceed had been granted by the court of appeals, the petition would fail on the merits since Lafler and Frye do not establish a new rule of constitutional law concerning the right to effective assistance of counsel during the plea bargaining process. Indeed, it argues, citing post-Lafler and Frye case law, that both cases merely applied well-established principles announced in Strickland v. Washington, supra. Nor is either case applied retroactively, particularly since neither contains express language to that effect, and furthermore because the relief sought was always available after Strickland and

therefore it was also available at the time the first section 2255 motion was filed almost fourteen years ago. *A fortiori*, the focal lens of the United States' argument falls upon the defense of limitations. Indeed, the government limits its entire argument to the lack of portent of the Lafler and Frye decisions and to the defense of limitations.

II

Under 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-27 n.3 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). The burden is on the petitioner to show his entitlement to relief under section 2255, David v. United States, 134 F.3d at 474, including his entitlement to an evidentiary hearing. Cody v. United States, 249 F.3d 47, 54 (1st Cir. 2001) (quoting United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993)); Cintron-Boglio v. United States,___F.Supp.2d___, 2013 WL 1876789 (May 6, 2013) at *3. Petitioner has asked for an evidentiary hearing. Nevertheless, it has been held

that an evidentiary hearing is not necessary if the 2255 motion is inadequate on its face or if, even though facially adequate, "is conclusively refuted as to the alleged facts by the files and records of the case." United States v. McGill, 11 F.3d at 226 (quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974)). "In other words, a '§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" United States v. McGill, 11 F.3d at 226 (quoting Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984)); Barreto-Rivera v. United States, 887 F. Supp.2d 347, 358 (D.P.R. 2012). In this case, the district court had determined that defense counsel was ineffective, although it did not consider counsel ineffective in the plea bargaining process which was not before its consideration. However, what remain are legal issues that neither require nor invite an evidentiary hearing.

A. INEFFECTIVE ASSISTANCE OF COUNSEL

"In all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defence." U.S. Const. amend. 6. To establish a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient," and that the deficiency prejudiced the

petitioner. Strickland v. Washington, 466 U.S. at 687. "This inquiry involves a two-part test." Rosado v. Allen, 482 F. Supp. 2d 94, 101 (D. Mass. 2007). "First, a defendant must show that, 'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" Id. (quoting Strickland v. Washington, 466 U.S. at 690.) "This evaluation of counsel's performance 'demands a fairly tolerant approach.'" Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting Scarpa v. DuBois, 38 F.3d 1, 8 (1st Cir. 1994)). "The court must apply the performance standard 'not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented.'" Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991)). The test includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996) (quoting Strickland v. Washington, 466 U.S. at 689); Perocier-Morales v. United States, 887 F.Supp.2d 399, 416 (D.P.R. 2012). "Second, a defendant must establish that prejudice resulted 'in consequence of counsel's blunders,' which entails 'a showing of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."'" Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting Scarpa v. DuBois, 38 F.3d at 8)

(quoting Strickland v. Washington, 466 U.S. at 694); see Padilla v. Kentucky, 559 U.S. 356, 130 S. Ct. 1473, 1482 (2010) (quoting Strickland v. Washington, 466 U.S. at 688): Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996); Scarpa v. Dubois, 38 F.3d at 8; López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990) (citing Strickland v. Washington, 466 U.S. at 687); De-La-Cruz v. United States, 865 F.Supp.2d 156, 166 (D.P.R. 2012). However, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Argencourt v. United States, 78 F.3d at 16 (quoting Strickland v. Washington, 466 U.S. at 691). Thus, "[c]ounsel's actions are to be judged 'in light of the whole record, including the facts of the case, the trial transcript, the exhibits, and the applicable substantive law.'" Rosado v. Allen, 482 F. Supp. 2d at 101 (quoting Scarpa v. DuBois, 38 F.3d at 15). The defendant bears the burden of proof for both elements of the test. Cirilo-Muñoz v. United States, 404 F.3d at 530, (citing Scarpa v. DuBois, 38 F.3d at 8-9); Espinal-Gutierrez v. United States, 887 F.Supp.2d 361, 374 (D.P.R. 2012).

B. SECOND OR SUCCESSIVE 2255 MOTION

Congress has established strict limitations and requirements in order for a federal convict to file a motion under section 2255 seeking a post-conviction

remedy. For example, in 1996 Congress amended section 2255, imposing more restrictions upon petitioners seeking relief under such section. The last paragraph of section 2255 now reads:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28 U.S.C. § 2255(h).

It is then settled that before submitting a second or successive petition under section 2255, it is necessary to obtain the proper certification from the court of appeals, pursuant to section 2244, "authorizing the district court to consider the [section 2255] application." 28 U.S.C. § 2244(b)(3)(A); In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999); see Cintron-Caraballo v. United States, 865 F. Supp. 2d 191, 196-197 (D.P.R. 2012). Absent the proper certification from the court of appeals, the district court is without jurisdiction and therefore precluded from entertaining a section 2255 application. United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); Coplin-Bratini v. United

States, 2009 WL 605758 (Mar. 9, 2009), citing Trenkler v. United States, 536 F.3d 85 (1st Cir. 2008). If a circuit court, upon request, determines that there is something unusual in a second or successive request to merit further inquiry, it can grant the application and refer it to the district court. See e.g. Moreno-Morales v. United States 334 F.3d 140, 145 (1st Cir. 2003); Rodriguez v. Martinez, ___F.Supp.2d___, 2013 WL 1298023 (Jan. 30, 2013) at *11.

The present petition is clearly such a second or successive 2255 motion. Since it is a successive petition, petitioner should have requested the authorization of the court of appeals before filing the present petition in the district court. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). See Munoz v. United States, 331 F.3d 151, 153 (1st Cir. 2003). Since it is from the order of the court of appeals that the district court acquires jurisdiction to entertain second or successive petitions under section 2255, the district court is precluded from considering such petition absent the abovementioned authorization. Burton v. Stewart, 549 U.S. 147, 154 (2007); United States v. Key, 205 F.3d at 774.

C. DISMISSAL vs. TRANSFER

While not considered by the parties, a silent issue is whether the petition should be dismissed or transferred to the court of appeals to be considered in such court as a request for authorization to file a second petition under section 2255. Various circuits have endorsed or mandated the practice of transferring

the case to the court of appeals under 28 U.S.C. § 1631, for the petition to be considered in such forum as a request for authorization to file their section 2255 petition in the district court. In re Green, 215 F.3d 1195, 1196 (11th Cir. 2000); Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000); Corrao v. United States, 152 F.3d 188, 190 (2nd Cir. 1998); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). The First Circuit Court of Appeals has endorsed the dismissal without prejudice of a section 2255 petition that does not have the proper certification of approval from the court of appeals. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Ellis v. United States, 446 F. Supp. 2d 1, 3 (D. Mass. 2006). Nevertheless, before dismissing such a petition for failure to obtain the approval of the court of appeals, "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." Haugh v. Booker, 210 F.3d at 1150; Phillips v. Seiter, 173 F.3d 609, 610-11 (7th Cir. 1999); see also Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818 (1988)(discussing the authority to transfer to a court of appeals under 28 U.S.C. § 1631); United States v. Caribe-Garcia, 711 F.Supp. 2d 225, 227-228 (D.P.R. 2010). Since the petition for relief is time-barred, it should be dismissed, not transferred, and does not invite further discussion. Cf. 28 U.S.C. § 1631.

Title 28 U.S.C. § 2255(f)(3) reads as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> . . .
>
> . . .
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> . . .

D. NEWLY RECOGNIZED RIGHT

Petitioner's substantive argument relies on a "newly recognized right" as arguably provided by Lafler v. Cooper and Frye v. Missouri, *supra*. A review of recent circuit case law reveals tellingly that the majority of the circuit courts, all that have considered the matter, have found that neither Supreme Court decision announced such a "newly recognized right". Gallagher v. United States, 711 F.3d 315, 316 (2d Cir. 2013); Williams v. United States, 705 F.3d 293, 294 (8th Cir. 2013); In re King, 697 F.3d 1189 (5th Cir. 2012); Hare v. United States, 688 F.3d 878-80 (7th Cir. 2012); Buenrostro v. United States, 697 F.3d 1137-40 (9th Cir. 2012); In Re Graham, 714 F.3d 1181, 1182-83

(10th Cir. 2013); In re Perez, 930, 932-34 (11th Cir. 2012)[1]. Petitioner relies generally on the principles of Strickland. Clearly, Frye and Lafler are refinements of Strickland v. Washington and Hill v. Lockhart,[2] both of which ring a death knell to the "newly recognized right" argument. And even assuming Frye and Cooper announced "a new rule of constitutional law", neither case contains any express language as to retroactivity. Gallagher v. United States, 711 F.3d at 316. Conclusively, the statute of limitation has well run.

III

CONCLUSION

There are at least three reasons why the petition must be dismissed:

1) this is a second or successive 2255 motion, and therefore this court lacks subject matter jurisdiction to entertain it.

---

[1]Most of these cases are compiled in Lebron-Cepeda v. United States, 2013 WL 2252952 (May 22, 2013) at *2; Hestle v. United States, 2013 WL 1147712 (E.D. Mich., Mar. 19, 2013).

[2]See Gallagher v. United States, 711 F.3d at 315-16; Williams v. United States, ___F.Supp.2d___, ___, 2013 WL239839 (S.D.N.Y. Jan. 23, 2013) at *5; Perocier-Morales v. United States, 887 F. Supp. 2d at 407; cf. United States v. Martinez, 2013 WL 951277 (D.Mass. Mar. 8, 2013) at *3.

2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,[3] that was previously unavailable, has not been presented to this court, (a court which lacks subject matter jurisdiction), for its consideration.

3) the successive motion to vacate sentence is time-barred.

Final judgment having been entered in a first 2255 motion, this court lacks subject matter jurisdiction over a second or successive 2255 motion. Therefore, the motion to vacate, set aside or correct sentence is denied without evidentiary hearing, and this action is dismissed. The Clerk is directed to enter judgment accordingly.

At San Juan, Puerto Rico, this 8th day of July, 2013

S/JUSTO ARENAS
United States Magistrate Judge

---

[3] See 28 U.S.C. § 2255 (h)(2), previously § 2255 ¶ 8.